UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA RACHELLE SMITH,<br><br>Defendant. | Case No. 1-18-cr-00401-BLW-7<br><br>**REPORT AND RECOMMENDATION** |

On September 19, 2019, Defendant Amanda Rachelle Smith appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Second Superseding Indictment (Dkt. 114), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant had her initial appearance on the Superseding Indictment[1] before United States Magistrate Judge Ronald Bush on April 18, 2019. At that time, the Government requested detention, and the Court entered an order of temporary detention. (Dkt. 49, 60.) The Court held a detention hearing on April 24, 2019, at which the Government withdrew its motion for detention. The parties stipulated to Defendant's release, and the Court entered an order setting conditions of release. (Dkt. 82, 87.) These conditions included submission to random testing for prohibited substances, and the continuation or seeking of employment.

Since her release, Defendant has maintained full-time employment and contributed to the care and support of her young child. Defendant has been compliant with the terms of pretrial supervision. Per the supervising Pretrial Services Officer, Defendant has participated in substance abuse testing with no positive test results, and she has not failed

---

[1] Since the filing of the initial Indictment, (Dkt. 16), there have been two superseding indictments. (Dkt. 28, 114.)

to submit to any tests. She currently attends Narcotics Anonymous meetings, and frequently submits proof of attending these meetings to her supervising Pretrial Services Officer of her own volition. The Officer states that Defendant's compliance while on pretrial supervision has mitigated concerns related to Defendant's risk of flight and danger to the community should her release be continued. Defendant's appearance for the change of plea hearing was on her own recognizance.

According to the Defendant's proffer, Defendant provides not only emotional but also financial support in the form of child support for her minor daughter. In addition, Defendant played a minor role in the offense.

According to the Government, there is no reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time. Nor is the Government aware of any other factors increasing these risks.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release; the disruption in Defendant's support system for maintaining sobriety (NA meetings) and for the care and financial support of her child that would occur with detention pending imposition of sentencing; and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Amanda Rachelle Smith's plea of guilty to Count 1 of the Second Superseding Indictment (Dkt. 114),

2) The District Court order forfeiture consistent with Defendant Amanda Rachelle Smith's admission to the Criminal Forfeiture allegation in the Second Superseding Indictment (Dkt. 114) and the Plea Agreement, and

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 87.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: September 20, 2019

_Candy W. Dale_
Candy W. Dale
U.S. Magistrate Judge